|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>IN RE APPLICATION OF MIHAILS ULMANS　:<br>FOR JUDICIAL ASSISTANCE PURSUANT TO　:<br>28 U.S.C. § 1782　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/12/2023<br><br><br>1:23-mc-23-GHW-VF<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

GREGORY H. WOODS, United States District Judge:

**I.　　BACKGROUND**

Mihails Ulmans—who is currently incarcerated in Latvia on suspicion of conspiring to murder a Latvian attorney and insolvency administrator named Martins Bunkus—filed this miscellaneous case on January 26, 2023, seeking judicial assistance pursuant to 28 U.S.C. § 1782. Dkt. No. 1. Specifically, Mr. Ulmans seeks authorization to issue subpoenas for banking records of accounts associated with Mr. Bunkus.[1]

On April 20, 2023, Judge Figueredo issued a Report and Recommendation ("R&R") recommending that the Court grant Mr. Ulmans' application. Dkt. No. 13 at 13. In that R&R, Judge Figueredo determined that Mr. Ulmans' application satisfies the statutory and discretionary factors required for judicial assistance under 28 U.S.C. § 1782. *Id.* at 13.

On May 4, 2023, the Court received a document titled "Objection to the Application of Mihails Ulmans for Judicial Assistance" (the "Bunkus Objections") filed by three family members of

---

[1] Although Mr. Ulmans' application initially appeared to seek authorization to issue subpoenas for testimonial and documentary evidence, *see* Dkt. No. 1, Mr. Ulmans' counsel later represented that the scope of the subpoenas sought here is limited to specific documentary evidence. *See* Dkt. No. 13 at 2 n.3, 4.

Mr. Bunkus: Ojars Bunkus, Kaspars Bunkus, and Kristaps Bunkus. Dkt. No. 16. Mr. Ulmans filed an opposition to the Bunkus Objections on May 8, 2023. Dkt. No. 18.

## II.   LEGAL STANDARDS

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

Courts faced with objections filed by nonparties have reached different conclusions regarding whether such objections may be considered. Some courts have rejected nonparty objections on the basis that Rule 72 only explicitly authorizes objections from a "party." *See, e.g.*, *Palladeno v. Mohr*, No. 2:16-CV-1126, 2017 WL 1422438, at *3 (S.D. Ohio Apr. 20, 2017) (finding that "non-parties . . . had no right under [Rule] 72 to object to the R&R" and directing the clerk of

2

court not to file the objections).  Other courts have treated non-party objections as *amicus curiae* briefs.  *See Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 466 n.3 (E.D.N.Y. 2019) (construing *pro se* non-party's objections as a request for leave to file an *amicus curiae* brief).  "In general, however, it appears that when a non-party has a concrete interest which may be adversely affected by a magistrate's report or a magistrate's report compels or prevents a non-party's participation in discovery, courts consider the non-party's objection to the report."  *Carroll v. Thestreet.com, Inc.*, No. 11-CV-81173, 2013 WL 9839118, at *1 (S.D. Fla. Oct. 2, 2013) (surveying federal cases) (citations omitted).

Objections filed by *pro se* litigants must be liberally construed and interpreted "to raise the strongest arguments that they *suggest*."  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)).  However, even *pro se* "objections still 'must be specific and clearly aimed at particular findings.'"  *Jules v. Cosm. & Reconstruction Dentistry*, No. 19-CV-5008 (VEC), 2020 WL 64759, at *1 (S.D.N.Y. Jan. 7, 2020) (citations omitted).

### III. DISCUSSION

The Court first addresses whether to consider the nonparty Bunkus Objections.  It is not clear that these would-be objectors have a concrete interest in the banking records at issue.  To be sure, Mr. Ulmans' application seeks records relating to accounts—including a Bunkus "family office" account, *see* Dkt. No. 13 at 4—in which Mr. Bunkus' family members might reasonably be expected to have an interest.  However, the Bunkus Objections do not assert or otherwise indicate such an interest.  In any case, the Court finds that it does not need to resolve this question.  Even if the Bunkus family members who filed the objections have an interest supporting consideration of

their objections, their objections are conclusory, general, and not aimed at particular findings in the R&R.

The Bunkus Objections focus primarily on a document purporting to be "a memo to Latvian authorities" from Mr. Bunkus' mother.  *See* Dkt. No. 11.  However, Judge Figueredo's R&R does not rely on that memo.  The Bunkus objections also make a brief attack against Janis Zelmenis—the Latvian attorney who provided a declaration in support of Mr. Ulmans' application—accusing him of providing false and misleading information to the United States District Court for the District of Arizona in a similar proceeding.  Dkt. No. 16 at 4.  The Bunkus Objections do not, however, contend that Mr. Zelmenis provided false or misleading information in this case, nor do they include support for such an allegation.  Even construed liberally to raise the strongest arguments they suggest, the Bunkus Objections do not raise any specific arguments targeted at any particular findings in the R&R.  As a result, these objections, even if they are considered, do not bump the standard of review required here from clear error to *de novo*.  *See Chen*, 8 F. Supp. 3d at 416 (citation omitted); *McDonaugh*, 672 F. Supp. 2d at 547 (citation omitted).

The Court has reviewed Judge Figueredo's report and recommendation for clear error and finds none.  Further, were the Court reviewing the matter *de novo*, it would agree with Judge Figueredo for the reasons stated in the R&R.  Accordingly, the Court adopts Judge Figueredo's recommendation to grant Mr. Ulmans' application for judicial assistance pursuant to 28 U.S.C. § 1782.

## IV. CONCLUSION

For the reasons articulated in the R&R, the Court GRANTS the application for judicial assistance under 28 U.S.C. § 1782.  IT IS FURTHER ORDERED that Arthur D. Middlemiss is appointed as commissioner and vested with authority to issue subpoenas to correspondent banks located in the Southern District of New York, and that such subpoenas be limited to documentary

evidence in the form of transaction logs and swift messages for transactions for the benefit of, or in the name of, Martins Bunkus or his family office, Bunkus Birojs Sia.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1 and close this case.

SO ORDERED.

Dated: May 12, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge